NO. 07-03-0191-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 29, 2003

_____

TERRY DON CLARKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,784-B; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Terry Don Clarkson, acting *pro se*, seeks to appeal his conviction for the felony offense of driving while intoxicated.  Finding we have no jurisdiction to consider the appeal, we dismiss.

At trial appellant was represented by appointed counsel.  Appellant was convicted and sentence was imposed by the trial court on March 21, 2003.  The written judgment was

signed March 31, 2003. In a letter to his counsel dated April 10, 2003, appellant stated he had decided to appeal his conviction *pro se*, but asked for assistance in seeking an "extension" for 30 days because he did not have access to a law library at the county jail and the trial court previously had directed him "not to contact the court directly." Counsel filed appellant's letter with the trial court clerk on April 23, 2003, which treated it as a notice of appeal.

In a letter dated August 6, 2003, the clerk of this court notified appellant that it appeared his notice of appeal was not timely filed and no motion for an extension had been filed pursuant to Rule of Appellate Procedure 26.3.[1] We invited the parties to submit briefs on the issue of our jurisdiction. Appellant responded with a letter that indicates to us appellant believes that a notice of appeal was timely if filed within 30 days of the date of the trial court's written judgment. The State did not file a response.

In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.2(a). A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule 26.2 provides that, in the absence of a motion for new trial, a notice of appeal is timely if filed "within 30 days after the day sentence is imposed or suspended in open court." As noted, appellant was sentenced on March 21, 2003. He did not file a motion for new trial, so his

---

[1]All references to rules are to the Texas Rules of Appellate Procedure.

notice of appeal would have been due on April 20. That day was a Sunday and the following day was a legal holiday,[2] so under Rule 4.1(a), it was due on April 22, 2003.

The time for filing a notice of appeal may be extended for 15 days under certain circumstances. Rule 26.3.  If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with Rule 10.5(b) must be filed within the 15-day period.  Rule 26.3; *Olivo*, 918 S.W.2d at 522.  Appellant filed no such motion within that period of time.

A document received within ten days after a filing deadline is considered timely filed under the circumstances described in Rule 9.2. Neither the trial court clerk's record nor appellant's response to this court's August 6 letter indicates, though, that appellant's notice of appeal was filed with the trial court clerk by mail.

Because the notice of appeal was untimely, we have no jurisdiction to take any action in this appeal but to dismiss it. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *see Olivo*, 918 S.W.2d at 522.  Appellant may have a remedy by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003).

---

[2]April 21 is a legal holiday under Sections 662.003(b)(3) and 662.021 of the Government Code.  (Vernon 1994 & Supp. 2003).

The appeal is dismissed for want of jurisdiction.  Rule 43.2.


James T. Campbell
Justice


Do not publish.